IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TROY DEWVON DREW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:20CV201–HEH |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Granting Motion to Dismiss)**

Troy Dewvon Drew, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his felony conviction for eluding a police officer in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court"). Drew contends that he is entitled to relief because the evidence was insufficient to support that conviction. Respondent acknowledges that Drew exhausted this claim and moves to dismiss on the ground that the claim lacks merit. For the reasons that follow, the Motion to Dismiss (ECF No. 7) will be GRANTED.

**I. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by

way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## II. ANALYSIS

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence

2

to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

Drew was found guilty of violating section 46.2–817(B) of the Virginia Code. That provision provides:

> Any person who, having received a visible or audible signal from any law enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

Va. Code § 46.2–817(B) (West 2020).

The Court of Appeals of Virginia aptly summarized the evidence of Drew's guilt as follows:

> Officer A.M. Gerace of the Chesapeake Police Department testified that on September 4, 2017, she encountered a vehicle traveling at a speed of approximately forty-seven miles per hour in a twenty-five mile-per-hour zone. She testified she initiated a stop of the vehicle, and encountered appellant as the driver of the vehicle. She testified appellant told her his name was Jaron Drew. Gerace testified that when she searched the DMV database using the name and date of birth appellant provided, the picture that displayed did not resemble appellant. Gerace testified that while she was attempting to obtain appellant's accurate information, she called for backup and, subsequently, two other officers, Sergeant Greg Evans and Officer Slaten of the Chesapeake Police Department, arrived. Gerace stated that Evans and Slaten took up positions next to appellant's car. Sergeant Evans stood next to the driver's side door, and Officer Slaten stood next to the passenger's side door. Evans testified that he told appellant to step out of the car, and appellant then responded by quickly taking off in the vehicle. Gerace testified that she saw Evans "backing away quickly" from the vehicle right before appellant drove off. Gerace also testified that she pursued appellant in her vehicle with the lights and sirens activated. Gerace stated that appellant made three turns during the pursuit before coming to a stop. Gerace also testified that, during the pursuit, appellant was driving at a speed of more than thirty-five miles per hour but less than fifty miles per hour, in an area where the speed limit was twenty-five miles per hour, and at one point appellant had to swerve to avoid hitting another vehicle.

> The trial court found that Sergeant Evans did more than merely stepping back to avoid being hit when appellant sped off and that the only reason he did not get hurt was due to his own action. The court also found that, by driving forty-five miles per hour in a twenty-five mile-per-hour residential zone, appellant caused danger to himself or others driving. For these reasons, the trial judge found appellant guilty of felony eluding.

*Drew v. Commonwealth*, No. 0219-19-1, at 2-3 (Va. Ct. App. July 26, 2019).

Drew contends that the evidence was insufficient because his conduct never endangered the law enforcement vehicle or another person. (§ 2254 Pet. 5.) This contention is frivolous. Drew's actions clearly endangered Sergeant Evans, Drew, and other individuals along the route of his reckless attempt to elude the police. As the Court of Appeals of Virginia observed:

> [T]he evidence established that Sergeant Evans leaned into appellant's vehicle and instructed appellant to step out of the vehicle. While Sergeant Evans was still leaning down towards the window, appellant sped off so that Sergeant Evans had to quickly step back to avoid being hurt. The evidence also established that appellant was driving thirty-five to fifty miles per hour in a twenty-five mile-per-hour zone, putting himself and other people in danger. Based on this evidence, a rational fact finder certainly could have concluded that appellant, after having stopped because of a police signal and having received an order from a police officer to exit the vehicle, deliberately ignored the order to step out of the vehicle and drove off quickly and at such a speed that he endangered himself and others.

*Drew*, No. 0219-19-1, at 3. Accordingly, Drew's claim lacks merit and will be dismissed.

### III CONCLUSION

Drew's claim will be dismissed. The § 2254 Petition will be denied. The Motion to Dismiss (ECF No. 7) will be granted. The action will be dismissed. A certificate of appealability will be denied. Drew's outstanding motions (ECF Nos. 13, 14) will be denied.

4

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

                                                         /s/
Date: Oct 29, 2020      HENRY E. HUDSON
Richmond, Virginia     SENIOR UNITED STATES DISTRICT JUDGE

5